IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**October 24, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**BRANDON C.,**
**Respondent Below, Petitioner**

**v.) No. 25-ICA-116**    (Fam. Ct. McDowell Cnty. Case No. FC-27-2015-D-13)

**RACHEL L.,**
**Petitioner Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Brandon C. ("Father")[1] appeals the Family Court of McDowell County's February 26, 2025, modification order transferring the case to Buchanan County, Virginia, and decreasing his parenting time. Respondent Rachel L. ("Mother") responded in support of the family court's decision.[2] Father filed no reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. For the reasons set forth below, a memorandum decision reversing, in part, and affirming, in part, is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties share one child, born in 2014. It is unclear from the record whether the parties were ever married or how they shared parenting time prior to Mother filing her petition for modification. The family court conducted a hearing on Mother's petition for modification on February 26, 2025, via Microsoft Teams. When the hearing started, Father answered the call but he either ended the call or was somehow disconnected soon thereafter. As a result, the family court determined that Father failed to appear for the hearing and proceeded in his absence.

During the hearing, Mother testified that she and the child had been living in Buchanan County, Virginia, for two years. Based on this, the court determined that it no longer had jurisdiction over the matter and ordered the case transferred to Buchanan

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Both parties are self-represented.

1

County, Virginia. However, despite finding it lacked jurisdiction, the family court allowed Mother to testify, then the court issued rulings addressing custody and child support. Specifically, the court decreased Father's parenting time, during the school year, to the first, third, and fifth weekend of every month (if there was a fifth weekend). The court further ordered that in May and July, Father would have parenting time on the second, fourth, and fifth weekends. The court also granted Father one week of summer vacation, and ordered the parties to communicate only by text. The court did not modify Father's child support obligation. The family court entered its final order from this hearing on February 26, 2025, and it is from this order that Father now appeals.

For these matters, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Father contends that the family court erred by decreasing his parenting time. He also argues that his parenting time was cut short last Christmas, and he objects to the court-ordered vacation schedule. However, because Father failed to appear for the hearing below, he did not preserve those issues for appeal. Accordingly, we decline to address them herein. *See Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) (citations and quotations omitted) ("Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered."); *PITA, LLC v. Segal*, 249 W. Va. 26, 40, 894 S.E.2d 379, 393 (Ct. App. 2023) (noting that as a general rule, an appellate court will not consider an issue raised for the first time on appeal). Therefore, we find no error in the family court's modification of parenting time.

Father also asserts that the family court erroneously transferred the case to Buchanan County, Virginia. We agree with Father on this issue. In its February 26, 2025, order, the family court stated,

> Petitioner testified that she has been living in Buchanan County, Virginia[,] for two years. Therefore, this [c]ourt no longer has jurisdiction, as it appears that Buchanan County, Virginia[,] has proper jurisdiction to handle any further matters, regarding custody and visitation. Therefore, it is [h]ereby [o]rdered, that this matter be [t]ransferred to Buchanan County, Virginia.

2

Despite determining that it lacked jurisdiction, the family court then proceeded to rule on custody and child support, which was improper.

West Virginia Code § 48-20-202 (2001) states as follows:

(a) Except as otherwise provided in section 20-204, a court of this state which has made a child custody determination consistent with section 20-201 or 20-203 has exclusive, continuing jurisdiction over the determination until:
(1) A court of this state determines that neither the child, the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training and personal relationships; or
(2) A court of this state or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this state.
(b) A court of this state which has made a child custody determination and does not have exclusive, continuing jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under section 20-201.

Here, the family court erred by concluding that it lacked jurisdiction simply because Mother and the child had resided in Buchanan County, Virginia, for the last two years. The Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), as above cited, requires the child and *both* parents to reside outside this state before West Virginia loses continuing exclusive jurisdiction over this matter and may be transferred to another, or the family court must determine that the child and Mother no longer have a significant connection to West Virginia and that substantial evidence concerning the child's care, protection, training, and personal relationships is no longer available here. The record in this matter clearly establishes West Virginia as the continued residence of the Father. While Virginia became the "Home State" as contemplated by the UCCJEA, West Virginia retained exclusive and continuing jurisdiction over the custody under the UCCJEA. [3] Therefore, we reverse the family court's determination regarding lack of jurisdiction.

Accordingly, we reverse, in part, and affirm, in part, the February 26, 2025, order.

---

[3] If the family court ultimately determines that West Virginia is no longer the convenient forum for this matter, it should proceed under guides of West Virginia Code § 48-20-207 ("A court of this state which has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum.").

Reversed, in part, and Affirmed, in part.


**ISSUED:** October 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White